UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAN BUNKERING (AMERICA) INC.** | **CASE NO. 2:19-CV-00943** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **M/V CANDY APPLE ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 20] filed by defendant Candy Apple, LLC under Federal Rule of Civil Procedure 12(b)(6) and seeking dismissal of the *in personam* claims raised against it. The motion is unopposed.

### I.
### BACKGROUND

This suit arises from money allegedly owed on fuel bunkers supplied by plaintiff to the M/V CANDY APPLE. The M/V CANDY APPLE is owned by Candy Apple, LLC ("Candy Apple") and chartered through independent vessel broker Kilgore Marine, LLC by Epic Companies, LLC ("Epic") and Epic Applied Technologies, LLC ("EAT").[1] Doc. 1, ¶ 4; *see* doc. 20, att. 1 (charter agreement). Epic ordered fuel bunkers for the M/V CANDY APPLE from Dan Bunkering (America), Inc. ("Dan Bunkering"). *Id.* at ¶ 8; *see* doc. 1, att. 2. Dan Bunkering then allegedly supplied the M/V CANDY APPLE with diesel fuel on eight different occasions in May and June 2019. Doc. 1, ¶¶ 10–36. Each of these transactions was memorialized with an order confirmation, marking payment as due within

---

[1] In the complaint "Candy Apple, LLC" was misidentified as "Candy Cap, LP." *See* docs. 17, 19.

90 days of the fuel's delivery, and an invoice sent shortly after the fueling. Doc. 1, atts. 3–19. The due dates for each invoice have now passed, and Dan Bunkering alleges that no payment has been made. Accordingly, it brings suit in this court against the vessel, Candy Apple, and both Epic entities. Doc. 1.

Vessel owner Candy Apple moves for dismissal of the claims brought against it *in personam*, on the basis that there is no contract giving rise to the breach of contract claims Dan Bunkering has asserted against it. Doc. 20. Dan Bunkering has indicated that it does not oppose the motion. Doc. 28. Accordingly, it is now ripe for review.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood

of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Dan Bunkering seeks to hold Candy Apple and the Epic entities personally liable for the alleged nonpayment and the M/V CANDY APPLE liable *in rem*. *See generally* doc. 1. As Candy Apple points out, the Commercial Instruments and Maritime Lien Act ("CIMLA," 46 U.S.C. § 31301 *et seq.*) "personifies a vessel as an entity with potential liabilities independent and apart from the liability of its owner." *Equilease Corp. v. M/V SAMPSON*, 793 F.2d 598, 602 (5th Cir. 1986). Under this statute, a lien may arise against the vessel for necessities supplied to it regardless of whether the owner is personally bound. *See id.* The vessel owner is only liable, on the other hand, if it contracts for the supply of necessities. *Belcher Co. of Alabama v. M/V MARATHA MARINER*, 724 F.2d 1161, 1163 (5th Cir. 1984). Accordingly, the debt allegedly owed for the bunkers gives rise to a maritime lien against the vessel but Dan Bunkering must show a breach of contract in order to hold Candy Apple personally liable.

In the petition Dan Bunkering asserts generally that Candy Apple and the Epic entities are liable for breach of contract. Doc. 1. However, it has produced no contract showing that Candy Apple undertook any obligation to pay for the fuel bunkers. Dan Bunkering's Standard Terms and Conditions of Sale, which governed the transactions, provides that a binding contract "comes into existence when the Seller sends the Order Confirmation to the Buyer." Doc. 1, att. 2, p. 3. There is no allegation or evidence to show

that Candy Apple should be construed as the buyer in this matter. The order confirmations were issued to the Epic entities, and there is only a generic reference to the vessel "and/or master and/or owners and/or charterers and/or managers and/or operators" in the invoices and order confirmations. *E.g.*, doc. 1, atts. 3 & 4. Accordingly, there is no basis for holding Candy Apple liable under any contract alleged.

### III.
#### CONCLUSION

For the reasons provided above, the Motion to Dismiss [doc. 20] will be **GRANTED** and all claims brought against Candy Apple *in personam* will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 11th day of September, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**